UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 09-cv-00859-REB

RUTH VENDETTI,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

# ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1], filed April 14, 2009, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she is disabled as a result of a variety of impairments, most principally pain, limited range of motion, and other side effects associated with surgery to remove a carcinoma of the pharynx and post-surgical radiation. After her most recent application for disability insurance benefits was denied,[1] plaintiff requested a hearing

---

[1] Plaintiff filed two previous applications for disability insurance benefits, both of which were denied and not appealed. The ALJ found no issue regarding reopening of either application (*see* Tr. 16), although both the second application and the current one relate to the same general time period (*see* Tr. 80-82 (alleging disability as of December 31, 1994).) Because the parties ultimately present the case on the substantive merits, it is on that basis that I review the Commissioner's disability decision.

before an administrative law judge. This hearing was held on November 2, 2007. At the time of the hearing, plaintiff was 63 years old. She has a high school education and past relevant work experience as an office manager. She did not engaged in substantial gainful activity between her alleged date of onset, December 15, 1994, and her date last insured, March 31, 2001.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. Other alleged impairments were found not severe or not of sufficient severity prior to plaintiff's date last insured. The ALJ found that plaintiff had the residual functional capacity to perform a range of light work and therefore was capable of performing her past relevant work. He therefore found plaintiff not disabled at step four of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518,

1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four

steps of this analysis. ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  ***Id.***  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  ***Brown***, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  ***Id.***

## III. LEGAL ANALYSIS

Plaintiff maintains that the Commissioner's decision is not supported by substantial evidence because it failed to consider two additional treating source opinions submitted after the hearing. She further claims the ALJ erred in (1) adopting only a portion of the state agency physician's opinion while rejecting limitations expressed therein that would have precluded plaintiff's past relevant work; (2) failed to include such limitations in his hypothetical to the vocational expert at the hearing; and (3) declining to credit her subjective reports of pain and functional limitations. None of these arguments demonstrates reversible error, and I therefore affirm.

During the hearing, the ALJ expressed concern regarding the sparsity of evidence relevant to establishing disability prior to March 31, 2001, plaintiff's date last insured. (*See* Tr. 539-546, 554-555.) *See also* 20 C.F.R. § 404.131(b); ***Ivy v. Sullivan***, 898 F.2d 1045, 1048 (5th Cir. 1990); ***Ward v. Shalala***, 898 F.Supp. 261, 263 (D. Del. 1995). In response, plaintiff asserts that she faxed to her local social security office opinions from her primary treating physician during that time period, Dr. John Buglewicz, and from a more recent treating source, Dr. Norman Macleod. (*See* Plf. Br. App., Exhs. B & C.) It is uncontroverted that neither opinion was considered at the administrative level. Such new evidence must be considered on appeal if it is material, meaning that consideration of the evidence might have altered the Commissioner's decision. ***See Chambers v. Barnhart***, 389 F.3d 1139, 1142 (10th Cir. 2004); ***O'Dell v. Shalala***, 44 F.3d 855, 859 (10th Cir. 1994).

5

Plaintiff's evidence does not meet this standard.  The opinion of a treating source is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record" and cannot be rejected absent good cause for specific and legitimate reasons clearly articulated in the hearing decision.  20 C.F.R. § 404.1527(d)(2); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003).  Nevertheless, a treating source opinion may be rejected where it is brief, conclusory, or unsupported by the medical evidence.  *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).  Both supplemental treating source opinions submitted in this case suffer from such fatal infirmities.

Dr. Buglewicz, who treated plaintiff from 1994 to 1999, stated that plaintiff suffered from "a lack of full range of motion in the left arm and shoulder with abduction limited to about 110 degrees" and "loss of range of motion in the neck due to the scarring and muscle damage" associated with her surgery and subsequent radiation treatment.  (Plf. Br. App., Exh. C.)  However, the ALJ's thorough review of the contemporaneous treatment notes shows little medical evidence to substantiate such alleged limitations.  (Tr. 21-23.)  Although plaintiff certainly complained intermittently of tightness and decreased range of motion in her left arm and neck during her treatment with Dr. Buglewicz, nothing in his treatment notes indicates that these limitations were so severe or of such duration as to be considered disabling.  Indeed, plaintiff continued to work for at least a year following her surgery, at a time when many of these alleged limitations were in play.  *See* 20 C.F.R. § 404.1520(b) (claimant who is performing

substantial gainful activity is not disabled regardless of medical condition or any other consideration).[2]

The second opinion is equally lacking in probative value. Dr. Macleod began treating plaintiff in August, 2001, several months after her date last insured. In November, 2005, he provided a statement that plaintiff's condition had rendered her unemployable since January 1, 1995. (Tr. 532.) The ALJ gave this opinion no weight, finding that it failed to confirm that Dr. Macleod had reviewed the medical evidence, was unsupported by the medical evidence in any event, and failed to provide a function-by-function analysis of plaintiff's ability to do work-related activities. (Tr. 23.) Plaintiff claims the post-hearing submission cures these deficiencies, but it does not. Instead, the newer opinion is much like its predecessor. Although Dr. Macleod provides slightly greater detail regarding the nature of plaintiff's limitations, he fails to offer specific references to the medical record to support his summary conclusion that "[t]he last day [plaintiff] was able to work was December 31, 1994." (Plf. Br. App., Exh. B.) This opinion itself is not entitled to any weight, as it goes to ultimate issues which are reserved for the Commissioner. *See* 20 C.F.R. § 404.1527(e).[3] Moreover, because Dr. Macleod was not plaintiff's treating physician during the relevant time period, his opinion regarding her limitations during that period is not the deference usually afforded a

---

[2] Moreover, plaintiff left that position in part because the mine for which she worked closed down. (Tr. 21, 549.)

[3] Although "[t]he [residual functional capacity] assessment must always consider and address medical source opinions," the ALJ adequately considered and explained why Dr. Macleod's 2005 opinion was not adopted. **Social Security Ruling 96-8p**, 1996 WL 374184 at *7 (SSA July 2, 1996). The brevity and lack of substantiation that undermined that opinion also infect the 2007 opinion, such that I cannot find that consideration of the latter would have yielded a different result.

treating source opinion. (Tr.23.) *See* **Brown v. Astrue**, 344 Fed. Appx. 16, 20-21 (5th Cir. Sept. 2, 2009); **Monette v. Astrue**, 269 Fed. Appx. 109, 112-13 (2nd Cir. March 14, 2008) (citing **Arnone v. Bowen**, 882 F.2d 34, 41 (2nd Cir. 1989)). Even if it were, a retrospective diagnosis is insufficient to establish an entitlement to benefits, absent additional evidence of actual disability during the relevant time frame. **Flint v. Sullivan**, 951 F.2d 264, 267 (10th Cir. 1991); **Potter v. Secretary of Health & Human Services**, 905 F.2d 1346, 1348-49 (10th Cir. 1990). As discussed more fully below, the medical record does not support such a conclusion. I therefore conclude that consideration of this post-hearing submission was not material in that it would not have altered the Commissioner's ultimate disability decision, and thus that no reversible error occurred.[4]

Plaintiff's complaints as to the ALJ's consideration of the evidence he did review fare no better. In reaching his determination as to plaintiff's residual functional capacity, the ALJ ultimately relied, in part, on the opinion of the state agency physician. However, he rejected that opinion as inconsistent with the medical evidence insofar as it limited plaintiff from reaching and handling with her left upper extremity due to post-operative effects. (**See** Tr. 23, 325-327.) Although the ALJ is not required to accept or reject a medical source opinion *in toto*, *see* **Jones v. Astrue**, 2008 WL 2325184 at *5 (E.D. Ky. June 4, 2008); **Powers v. Barnhart**, 2004 WL 2862170 at *4 (D. Me. Dec. 13, 2004), neither is he qualified to contradict, based on his own lay judgment, a medical

---

[4] In addition, the infirmities of Dr. Macleod's opinion and the paucity of the evidence supporting plaintiff's claim to benefits did not oblige the ALJ to recontact Dr. Macleod for further clarification. That duty is triggered only when the ALJ is unable to reach a conclusion regarding disability based on the evidence before him, not merely because he rejects such opinion. *See* **White v. Barnhart**, 287 F.3d 903, 908 (10th Cir. 2001).

8

source's conclusions as to the effect of the medical evidence, ***Hamlin v. Barnhart***, 365 F.3d 1208, 1221 (10th Cir. 2004). ***See also McGoffin v. Barnhart***, 288 F.3d 1248, 1252 (10th Cir. 2002) (ALJ may reject physician opinion "only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion") (citation and internal quotations marks omitted).

To the extent the ALJ did so in this case, however, I find any such error ultimately harmless. ***See Bernal v. Bowen***, 851 F.2d 297, 303 (10th Cir. 1988). The conclusion that a claimant is capable of performing her past relevant work is supportable if her residual functional capacity is coextensive with the demands of the job either as generally performed in the national economy or as plaintiff actually performed it. **Social Security Ruling 82-61**, 1982 WL 31387 at *1 (SSA 1982); ***see also Andrade v. Secretary of Health & Human Services***, 985 F.2d 1045, 1050 (10th Cir. 1993). As reported by plaintiff herself, her past work as an office manager did not involve handling or reaching. (Tr. 95, 108.) Remand therefore is not required on this basis. For the same reason, there was no reversible error in the failure to include such limitations in the hypothetical propounded to the vocational expert.

Lastly, plaintiff contends the ALJ erred in failing to fully credit her complaints of functional limitation and disability. In making this finding, the ALJ recounted the medical evidence in detail, noting that the evidence prior to plaintiff's date last insured included scant references to difficulty with her left upper extremity and minimal other problems post-operatively and that even by her own testimony, plaintiff's limitations became more pronounced, and arguably disabling, only years after her date last insured. (***See*** Tr. 21-

9

23; *see also* Tr. 550.) "[C]redibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence." **White v. Barnhart**, 287 F.3d 903, 909 (10th Cir. 2001) (citing **Kepler v. Chater**, 68 F.3d 387, 390-91 (10th Cir. 1995)). So long as the ALJ links his credibility assessment to specific evidence in the record, his determination is entitled to substantial deference. *Id.* at 910; *see also* **Qualls v. Apfel**, 206 F.3d 1368, 1372 (10th Cir. 2000). The ALJ's conclusion in this regard is more than adequately supported by the record and appropriately documented in the decision. I therefore find no basis for reversal.

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated August 31, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge